## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JANE DOE** | **CASE NO: 5:19-CV-1241** |
| Plaintiff, | |
| | **JUDGE PAMELA A. BARKER** |
| v. | |
| **CHRISTOPHER DAVID BAUM** | **DEFENDANT CHRISTOPHER DAVID BAUM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM WITH JURY DEMAND** |
| Defendant. | |

Now comes Defendant, Christopher Baum ("Defendant"), by and through undersigned counsel and for his Answer to Plaintiff, Jane Doe's ("Plaintiff") Amended Complaint ("Plaintiff's Complaint") filed June 3, 2019, states as follows:

1. Defendant denies the allegations in paragraph one of Plaintiff's Complaint;

2. Defendant denies the allegations in paragraph two of Plaintiff's Complaint;

3. Defendant admits the allegations in paragraph three of Plaintiff's Complaint;

4. Defendant denies that the matter in controversy exceeds the sum or value of $75,000.00, and admits the remaining allegations in paragraph four of Plaintiff's Complaint.

5. Defendant admits the allegations in paragraph five of Plaintiff's Complaint.

6. Defendant denies the allegations in paragraph six of Plaintiff's Complaint for lack of personal knowledge;

7. Plaintiff admits the allegations in paragraph seven of Plaintiff's Complaint;

8. Plaintiff denies the allegations in paragraph eight of Plaintiff's Complaint.

9. Defendant denies the allegations in paragraph nine of Plaintiff's Complaint;

10. Defendant denies the allegations in paragraph ten of Plaintiff's Complaint;

11. Defendant denies the allegations in paragraph eleven of Plaintiff's Complaint;

12. Defendant denies the allegations in paragraph twelve of Plaintiff's Complaint;

13. Defendant denies the allegations in paragraph thirteen of Plaintiff's Complaint;

14. Defendant denies the allegations in paragraph fourteen of Plaintiff's Complaint;

15. Defendant denies the allegations in paragraph fifteen of Plaintiff's Complaint;

16. Defendant denies the allegations in paragraph sixteen of Plaintiff's Complaint;

17. Defendant denies the allegations in paragraph seventeen of Plaintiff's Complaint for lack of personal knowledge;

18. Defendant admits that he submitted to a blood test, but denies the remaining allegations in paragraph eighteen of Plaintiff's Complaint;

19. Defendant denies the allegations in paragraph nineteen of Plaintiff's Complaint;

20. Defendant denies the allegations in paragraph twenty of Plaintiff's Complaint;

21. Defendant denies the allegations in paragraph twenty-one of Plaintiff's Complaint;

22. Defendant denies the allegations in paragraph twenty-two of Plaintiff's Complaint;

23. Defendant denies the allegations in paragraph twenty-three of Plaintiff's Complaint;

24. Defendant denies the allegations in paragraph twenty-four of Plaintiff's Complaint;

25. Defendant denies the allegations in paragraph twenty-five of Plaintiff's Complaint;

26. Defendant denies the allegations in paragraph twenty-six of Plaintiff's Complaint;

27. Defendant denies the allegations in paragraph twenty-seven of Plaintiff's Complaint;

28. Defendant denies the allegations in paragraph twenty-eight of Plaintiff's Complaint;

29. Defendant denies the allegations in paragraph twenty-nine of Plaintiff's Complaint;

30. Defendant denies the allegations in paragraph thirty of Plaintiff's Complaint;

31. Defendant denies the allegations in paragraph thirty-one of Plaintiff's Complaint;

32. Defendant admits that he was elected to the board of directors, but denies the remaining allegations in paragraph thirty-two of Plaintiff's Complaint;

33. Defendant denies the allegations in paragraph thirty-three of Plaintiff's Complaint;

34. Defendant denies the allegations in paragraph thirty-four of Plaintiff's Complaint;

35. Defendant denies the allegations in paragraph thirty-five of Plaintiff's Complaint;

36. Defendant denies the allegations in paragraph thirty-six of Plaintiff's Complaint;

37. Defendant denies the allegations in paragraph thirty-seven of Plaintiff's Complaint;

38. Defendant denies the allegations in paragraph thirty-eight of Plaintiff's Complaint for lack of personal knowledge;

39. Defendant denies the allegations in paragraph thirty-nine of Plaintiff's Complaint for lack of personal knowledge;

40. Defendant denies the allegations in paragraph forty of Plaintiff's Complaint for lack of personal knowledge;

41. Defendant denies the allegations in paragraph forty-one of Plaintiff's Complaint for lack of personal knowledge;

42. Defendant denies the allegations in paragraph forty-two of Plaintiff's Complaint;

43. Defendant denies the allegations in paragraph forty-three of Plaintiff's Complaint for lack of personal knowledge;

44. Defendant denies the allegations in paragraph forty-four of Plaintiff's Complaint for lack of personal knowledge;

45. Defendant denies the allegations in paragraph forty-five of Plaintiff's Complaint for lack of personal knowledge;

46. Defendant denies the allegations in paragraph forty-six of Plaintiff's Complaint;

47. Defendant denies the allegations in paragraph forty-seven of Plaintiff's Complaint;

48. Defendant denies the allegations in paragraph forty-eight of Plaintiff's Complaint;

49. Defendant denies the allegations in paragraph forty-nine of Plaintiff's Complaint;

50. Defendant denies the allegations in paragraph fifty of Plaintiff's Complaint;

51. Defendant denies the allegations in paragraph fifty-one of Plaintiff's Complaint;

52. Defendant admits the allegations in paragraph fifty-two of Plaintiff's Complaint;

53. Defendant denies the allegations in paragraph fifty-three of Plaintiff's Complaint;

54. Defendant denies the allegations in paragraph fifty-four of Plaintiff's Complaint;

55. Defendant denies the allegations in paragraph fifty-five of Plaintiff's Complaint;

56. Defendant denies the allegations in paragraph fifty-six of Plaintiff's Complaint;

57. Defendant denies the allegations in paragraph fifty-seven of Plaintiff's Complaint;

58. Defendant denies the allegations in paragraph fifty-eight of Plaintiff's Complaint;

59. Defendant denies the allegations in paragraph fifty-nine of Plaintiff's Complaint;

60. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

61. Defendant denies the allegations in paragraph sixty-one of Plaintiff's Complaint;

62. Defendant denies the allegations in paragraph sixty-two of Plaintiff's Complaint;

63. Defendant denies the allegations in paragraph sixty-three of Plaintiff's Complaint;

64. Defendant denies the allegations in paragraph sixty-four of Plaintiff's Complaint;

65. Defendant denies the allegations in paragraph sixty-five of Plaintiff's Complaint;

66. Defendant denies the allegations in paragraph sixty-six of Plaintiff's Complaint;

67. Defendant denies the allegations in paragraph sixty-seven of Plaintiff's Complaint;

68. Defendant denies the allegations in paragraph sixty-eight of Plaintiff's Complaint;

69. Defendant denies the allegations in paragraph sixty-nine of Plaintiff's Complaint;

70. Defendant denies the allegations in paragraph seventy of Plaintiff's Complaint;

71. Defendant denies the allegations in paragraph seventy-one of Plaintiff's Complaint;

72. Defendant denies the allegations in paragraph seventy-two of Plaintiff's Complaint;

73. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

74. Defendant denies the allegations in paragraph seventy-four of Plaintiff's Complaint;

75. Defendant denies the allegations in paragraph seventy-five of Plaintiff's Complaint;

76. Defendant denies the allegations in paragraph seventy-six of Plaintiff's Complaint;

77. Defendant denies the allegations in paragraph seventy-seven of Plaintiff's Complaint;

78. Defendant denies the allegations in paragraph seventy-eight of Plaintiff's Complaint;

79. Defendant denies the allegations in paragraph seventy-nine of Plaintiff's Complaint;

80. Defendant denies the allegations in paragraph eighty of Plaintiff's Complaint;

81. Defendant denies the allegations in paragraph eighty-one of Plaintiff's Complaint;

82. Defendant denies the allegations in paragraph eighty-two of Plaintiff's Complaint;

83. Defendant denies the allegations in paragraph eighty-three of Plaintiff's Complaint;

84. Defendant denies the allegations in paragraph eighty-four of Plaintiff's Complaint;

85. Defendant denies the allegations in paragraph eighty-five of Plaintiff's Complaint;

86. Defendant denies the allegations in paragraph eighty-six of Plaintiff's Complaint;

87. Defendant denies the allegations in paragraph eighty-seven of Plaintiff's Complaint;

88. Defendant denies the allegations in paragraph eighty-eight of Plaintiff's Complaint;

89. Defendant denies the allegations in paragraph eighty-nine of Plaintiff's Complaint;

90. Defendant denies the allegations in paragraph ninety of Plaintiff's Complaint;

91. Defendant denies the allegations in paragraph ninety-one of Plaintiff's Complaint;

92. Defendant denies the allegations in paragraph ninety-two of Plaintiff's Complaint;

93. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

94. Defendant denies the allegations in paragraph ninety-four of Plaintiff's Complaint;

95. Defendant denies the allegations in paragraph ninety-five of Plaintiff's Complaint;

96. Defendant denies the allegations in paragraph ninety-six of Plaintiff's Complaint;

97. Defendant denies the allegations in paragraph ninety-seven of Plaintiff's Complaint;

98. Defendant denies the allegations in paragraph ninety-eight of Plaintiff's Complaint;

99. Defendant denies the allegations in paragraph ninety-nine of Plaintiff's Complaint;

100. Defendant denies the allegations in paragraph one hundred of Plaintiff's Complaint;

101. Defendant denies the allegations in paragraph one hundred and one of Plaintiff's Complaint;

102. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

103. Defendant denies the allegations in paragraph one hundred and of Plaintiff's Complaint;

104. Defendant denies the allegations in paragraph one hundred and four of Plaintiff's Complaint;

105. Defendant denies the allegations in paragraph one hundred and five of Plaintiff's Complaint;

106. Defendant denies the allegations in paragraph one hundred and six of Plaintiff's Complaint;

107. Defendant denies the allegations in paragraph one hundred and seven of Plaintiff's Complaint;

108. Defendant denies the allegations in paragraph one hundred and eight of Plaintiff's Complaint;

109. Defendant denies the allegations in paragraph one hundred and nine of Plaintiff's Complaint;

110. Defendant denies the allegations in paragraph one hundred and ten of Plaintiff's Complaint;

111. Defendant denies the allegations in paragraph one hundred and eleven of Plaintiff's Complaint;

112. Defendant denies the allegations in paragraph one hundred and twelve of Plaintiff's Complaint;

113. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

114. Defendant denies the allegations in paragraph one hundred and fourteen of Plaintiff's Complaint;

115. Defendant denies the allegations in paragraph one hundred and fifteen of Plaintiff's Complaint;

116. Defendant denies the allegations in paragraph one hundred and sixteen of Plaintiff's Complaint;

117. Defendant denies the allegations in paragraph one hundred and seventeen of Plaintiff's Complaint;

118. Defendant repeats and realleges each of the foregoing admissions, averments,

statements, and denials as if fully rewritten herein;

119. Defendant denies the allegations in paragraph one hundred and nineteen of Plaintiff's Complaint;

120. Defendant denies the allegations in paragraph one hundred and twenty of Plaintiff's Complaint;

121. Defendant denies the allegations in paragraph one hundred and twenty-one of Plaintiff's Complaint;

122. Defendant repeats and realleges each of the foregoing admissions, averments, statements, and denials as if fully rewritten herein;

123. Defendant denies the allegations in paragraph one hundred and twenty-three of Plaintiff's Complaint;

124. Defendant denies the allegations in paragraph one hundred and twenty-four of Plaintiff's Complaint;

125. Defendant denies the allegations in paragraph one hundred and twenty-five of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATION DEFENSE

This Court lacks subject matter jurisdiction over this matter.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because Plaintiff has not sustained any damages, including, but not limited to, actual, general, and/or special damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses.


WHEREFORE, Defendant Christopher David Baum prays for the following:

1. For dismissal of the causes of action of Plaintiff Jane Doe with prejudice;

2. For a final judgment that Plaintiff shall take no relief from its Complaint;

3. For costs; and

4. For such relief, at law or in equity, to which Defendant may be entitled.


## COUNTERCLAIMS OF DEFENDANT CHRISTOPHER DAVID BAUM

Defendant and Counter-Plaintiff Christopher David Baum ("Baum") by and through its counsel, avers, alleges, and states the following for its counterclaims against Plaintiff and Counter-Defendant Jane Doe.

## PARTIES AND JURISDICTION

1. Upon information and belief, Jane Doe is an individual residing in the county of Suffolk, State of Massachusetts.

2. Baum is, and at all times mentioned herein was, an individual maintaining his primary residence in the State of Ohio.

3. If diversity jurisdiction exists, then the Court has supplemental jurisdiction to hear the counterclaim.

## FACTS

4. Sometime in June of 2018, Baum and Jane Doe began a romantic relationship.

5. On or about June 13, 2018, Baum was tested for sexual transmitted diseases at a LabCorp location in Canton, Ohio.

6. Sometime thereafter, Baum was advised telephonically by an employee of LabCorp that he was free and clear of any sexually transmitted diseases.

7. Upon being advised that he was free and clear of any sexually transmitted diseases, Baum continued in an ongoing romantic relationship with Jane Doe, which spanned from June of 2018 until sometime in October of 2018.

8.  Said romantic relationship between the parties involved consensual sexual intercourse between the parties on multiple occasions.

9. Upon information and belief, sometime in October 2018, Jane Doe discovered that she had contracted herpes, a sexually transmitted disease.

10. Given their recent romantic involvement, Jane Doe assumed that Baum transmitted herpes to her, and began asking Baum about the LabCorp test results from June of 2018.

11. Jane Doe incorrectly assumed that during the span of their romantic involvement, Baum was infected with herpes and Baum had knowledge of assumed infection.

12. Jane Doe also incorrectly assumed that Baum knowingly and intentionally transmitted herpes to her during their relationship.

13. Jane Doe began to make a number of false defamatory statements about Baum.

14. On information and belief, Jane Doe has, orally and in writing, told Baum's fiancé, daughter, and ex-wife that he intentionally transmitted herpes to her, which is false.

15. On information and belief, Jane Doe has, orally and in writing, published these

defamatory statements about Baum with other individuals living in Northeast Ohio and elsewhere in the United States.

16. Many of these individuals are friends, family members, and personal and professional acquaintances of Baum.

17. Additionally, Jane Doe pursued criminal charges against Baum and on information and belief, contacted local newspapers about the criminal charges.

18. Said actions have resulted in false stories being written about Baum, which have appeared in at least the Akron Beacon Journal and the Canton Repository.  Said stories contain Baum's full name, and at least in one instance, his picture.

19. Due to the defamatory stories about him appearing in the news, Baum lost his most recent job and has been unable to secure other employment.

**FIRST CAUSE OF ACTION**
**LIBEL AGAINST BAUM**

20. The above allegations are restated and incorporated herein by reference.

21. Jane Doe intentionally and maliciously published, and continues to publish, false written statements about Baum with the purpose of harming Baum's reputation and good name, and to impair Baum's ability to obtain future employment in any professional capacity in northeast Ohio.

22. Jane Doe made these false statements with the knowledge that these statements were false and/or with reckless disregard for the truth or falsity of such statements.

23. Jane Doe made these false statements in an attempt to punish Baum for possibly being responsible for accidentally transmitting herpes to her.

24. Jane Doe did not care whether the statements were true as long as they harmed Baum's reputation and good name.

25. Jane Doe's lies did, in fact, harm Baum's reputation by misleading others to believe that he intentionally and maliciously transmitted herpes to her, and committed other acts.

26. Jane Doe's false statements that Baum intentionally and maliciously transmitted herpes to her are libel *per se*, as they assert that Baum committed an indictable criminal offense involving moral turpitude or infamous punishment, and tend to injure Baum in his occupation.

27.  Baum has suffered and continues to suffer damages as a direct and proximate result of Jane Doe's defamatory statements.

**SECOND CAUSE OF ACTION**
**SLANDER AGAINST BAUM**

28. The above allegations are restated and incorporated herein by reference.

29. Jane Doe intentionally and maliciously published, and continues to publish, false oral statements with the purpose of harming Baum's reputation and good name, and to impair Baum's ability to obtain future employment in any professional capacity in northeast Ohio.

30. Jane Doe made these false statements with the knowledge that these statements were false and/or with reckless disregard for the truth or falsity of such statements.

31. Jane Doe made these false statements in an attempt to punish Baum for possibly being responsible for accidentally transmitting herpes to her.

32. Jane Doe did not care whether the statements were true as long as they harmed Baum's reputation and good name.

33. Jane Doe's lies did, in fact, harm Baum's reputation by misleading others to believe that he intentionally and maliciously transmitted herpes to her, and committed other acts.

34. Jane Doe's false statements that Baum intentionally and maliciously transmitted herpes

to her are slander *per se*, as they assert that Baum committed an indictable criminal offense involving moral turpitude or infamous punishment, and tend to injure Baum in his occupation.

35. Baum has suffered and continues to suffer damages as a direct and proximate result of Jane Doe's defamatory statements.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. The above allegations are restated and incorporated herein by reference.

37. By making the false defamatory statements about Baum, Jane Doe intended to cause emotional distress to Baum, or knew or should have known that her false defamatory statements would result in serious emotional distress to Baum.

38. Jane Doe's actions in making the false defamatory statements were extreme and outrageous, went beyond all bounds of decency, and are utterly intolerable in a civilized community.

39. Jane Doe's false defamatory statements directly and proximately caused Baum's severe emotional distress.

40. The mental anguish suffered by Baum is serious and of a nature that no reasonable person could be expected to endure it.

## FOURTH CAUSE OF ACTION
## FALSE LIGHT

41. The above allegations are restated and incorporated herein by reference.

42. By continuing to make false defamatory statements about Baum to a large number of individuals known to Baum, Jane Doe is creating a situation in which Baum's alleged intentional transmission of herpes to her and other acts of which he is falsely accused,

is becoming public knowledge.

43. Jane Doe's false defamatory statements have placed, and continue to place, Baum in a false light that is highly offensive to a reasonable person.

44. Jane Doe knew of, or acted in reckless disregard as to the falsity of the statements and the false light in which she placed Baum.

45. Baum has suffered and continues to suffer damages as a direct and proximate result of being publicly portrayed in a false light by Baum's defamatory statements.

**FIFTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

46. The above allegations are restated and incorporated herein by reference.

47. By making false defamatory statements about Baum to his prior employer, Jane Doe has interfered with Baum's business relations as upon information and belief, said statements were made directly to Baum's prior employer and led directly to his termination, and anyone who does an internet search of Baum encounters news stories based upon Jane Doe's defamatory statements.

48. Baum had existing business relationships.

49. Jane Doe had knowledge of these business relationships.

50. Jane Doe intentionally made defamatory statements in a forum that ensured parties that are in a business relationship with Baum would see the negative and false statements.

51. Jane Doe's said intentional act harmed the above business relationships.

52. Jane Doe's said intentional act has caused Baum damages.


WHEREFORE, Baum demands Judgment be entered in his favor as follows:

A.  Compensatory damages in an amount to exceed $25,000;

B.  An order enjoining Jane Doe from continuing to publish defamatory statements about Baum;

C.  Punitive damages;

D.  Baum's attorney fees, court costs and other expenses incurred in this action; and

E.  Any other such relief as this Court deems just and equitable.


## JURY DEMAND

Defendant hereby demands trial by Jury on all claims.


Respectfully submitted,

    /s/ Jack W. Hinneberg
Joseph A. Kacyon (0084993)
Jack W. Hinneberg (0093000)
Jordan E. Knabb (0093568)
*Attorneys for Defendant/Counter-Plaintiff*
Hoover Kacyon, LLC
527 Portage Trail
Cuyahoga Falls, OH 44221
Phone (330) 922-4491
Fax (330) 922-4498
joe@hooverkacyon.com
jack@hooverkacyon.com
jordan@hooverkacyon.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following on this the 23rd day of September, 2019, via the Court's electronic filing system:

G. Ian Crawford
Crawford & Lowry, LLC
116 Cleveland Ave. NW, Suite 800
Canton, OH 44702

\_\_/s/ Jack W. Hinneberg_____
Joseph A. Kacyon (0084993)
Jack W. Hinneberg (0093000)
Jordan E. Knabb (0093568)
*Attorneys for Defendant/Counter-Plaintiff*